IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06-CR-92-MHT |
| | ) | |
| CLARENCE BYRON CARTER, II | ) | |

**<u>ORDER</u>**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on June 28, 2006. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

The court finds there is probable cause to believe that the defendant has committed an offense under 18 U.S.C. §§ 2251(a) and 2252(a)(2). The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. *See* 18 U.S.C. § 3142(e).

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes that shortly before he was indicted the defendant was interviewed by an FBI agent who sought information about the identify of the victims of the crimes. After this interview the defendant quit his job, left the state and obtained a passport. Thus, in conjunction with the presumption in this case, this evidence establishes that the defendant is a flight risk. The defendant attempted to rebut this evidence by establishing that he could be placed on electronic monitoring and live with

his sister in whose home there are no children. However, the evidence shows that the defendant and his sister have no close relationship and that she was not even aware that the defendant had left town. The court finds that neither the sister nor her living companion would sufficiently supervise the defendant to ensure that he would appear or not engage in future dangerous conduct. The defendant presented no evidence to rebut the presumption of dangerousness.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or

on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 29th day of June, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE