IN THE UNITED STATES DISTRICT COURT FOR
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No.  2:06-cr-0092-MHT-CSC |
| ) | |
| CLARENCE BYRON CARTER, II,  ) | |
| ) | |
| Defendant.  ) | |

**DEFENDANT'S MOTION IN LIMINE
TO PROHIBIT INTRODUCTION OF EVIDENCE OR TESTIMONY
REGARDING THE EXISTENCE OF ADULT PORNOGRAPHY ON THE
COMPUTER USED BY CLARENCE CARTER**

COMES NOW, the defendant, Clarence Byron Carter, II, by and through undersigned counsel, Richard K. Keith, and moves, *in limine*, under Federal Rules of Evidence 403 and 404 for an Order prohibiting the Government from introducing any irrelevant, immaterial, and highly prejudicial evidence or testimony regarding adult pornographic images recovered from a computer used by Clarence Carter at the trial of this matter.

On April 5, 2006, Clarence Carter was charged in a three-count Indictment with offenses involving the production, distribution, and possession of child pornography. Count I charges that Mr. Carter enticed a minor to engage in sexually explicit conduct in violation of 18 U.S.C. § 2251(a).  Count II charges that Mr. Carter knowingly distributed and received visual depictions of suspected child pornography by computer in violation of 18 U.S.C. § 2252(a)(2).  Count III charges that Mr. Carter knowingly

possessed images of child pornography that had been transported in interstate commerce by means of a computer in violation of 18 U.S.C. §2252A(a)(5)(B).

A search of the computer hard drive at issue revealed several thousand images and movie files of adult as well as child pornography. As all Counts in this case deal with child pornography, the existence of adult pornography on the computer is irrelevant to the issues before the jury under Federal Rule of Evidence 403. Even the mere mention of the adult pornography found on Mr. Carter's computer is highly prejudicial and such prejudice substantially outweighs any probative value of the images and movie files. Additionally, such evidence constitutes inadmissible character evidence under Federal Rule of Evidence 404. Under Rule 404(b), evidence of other crimes, wrongs, or acts is inadmissible to show action in conformity therewith. The defense anticipates the Government introducing evidence and testimony of the adult pornography to characterize Mr. Carter as a pornographer. Such character evidence is inadmissible.

WHEREFORE, premises considered, Clarence Carter requests that this Court issue an Order prohibiting the Government from presenting any evidence or testimony regarding the existence of adult pornography on the government computer at issue in this case.

Respectfully submitted this 7th day of September, 2007.

s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Defendant
**KEITH & DUBIN, P.C.**
22 Scott Street
Montgomery, AL  36104-4012
Telephone: (334) 264-6776
Facsimile:  (334) 265-5362

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Tommie Brown Hardwick, Esq.
Post Office Box 197
Montgomery, AL 36101-0197

s/ Richard K. Keith
**OF COUNSEL**

3