IN THE UNITED STATES DISTRICT COURT FOR
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  2:06-cr-0092-MHT-CSC |
| ) | |
| CLARENCE BYRON CARTER, II, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION IN LIMINE
TO PROHIBIT INTRODUCTION OF IMAGES
OF SUSPECTED CHILD PORNOGRAPHY**

COMES NOW the defendant, Clarence Carter, by and through the undersigned counsel, Richard K. Keith, and moves *in limine*, and pursuant to Federal Rule of Evidence 403, for an Order prohibiting the Government from offering at trial any photograph purporting to be an image of child pornography.

On April 5, 2006, Clarence Carter was charged in a three-count Indictment with offenses involving the production, distribution, and possession of child pornography. Count I charges that Mr. Carter enticed a minor to engage in sexually explicit conduct in violation of 18 U.S.C. § 2251(a).  Count II charges that Mr. Carter knowingly distributed and received visual depictions of child pornography by computer in violation of 18 U.S.C. § 2252(a)(2).  Count III charges that Mr. Carter knowingly possessed images of child pornography that had been transported in interstate commerce by means of a computer in violation of 18 U.S.C. §2252A(a)(5)(B).

An examination of the computer in question revealed several images of suspected child pornography.  Those images were sent to the Innocent Images Unit at Pocatello

Information Technology to analyze the computer media belonging to Clarence Carter for evidence of child pornography. The Innocent Images Unit was able to find 4,800 images, text, and movie files on the computer pertaining to the sexual exploitation of children. At least 60 of these images were printed and placed in a binder and the movie files were placed on disks.

Use of these images and movie files at trial violates Federal Rule of Evidence 403 because their prejudicial impact substantially outweighs any probative value the images may have. The introduction of the images and movie files at trial is substantially prejudicial to Mr. Carter. Viewing this evidence would inflame the jury and lead to inevitable prejudice against Mr. Carter. In addition, showing these images and movie files at trial amounts to needless presentation of cumulative evidence. Considering the undue delay the introduction of this evidence would result in, the Government should not be allowed to present this cumulative evidence at trial.

WHEREFORE, premises considered, Clarence Carter requests that this Honorable Court issue an Order prohibiting the Government from introducing at trial any image purporting to be child pornography.

Respectfully submitted this 7th day of September, 2007.

s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Defendant
**KEITH & DUBIN, PC**
22 Scott Street
Montgomery, AL  36104-4012
Telephone: (334) 264-6776
Facsimile: (334) 265-5362

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Tommie Brown Hardwick, Esq.
Post Office Box 197
Montgomery, AL 36101-0197

s/ Richard K. Keith
**OF COUNSEL**