IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.    2:06cr0092-MHT-CSC |
| | ) | |
| CLARENCE BYRON CARTER, II | ) | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

Comes now the United States of America, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and respectfully requests that the following Jury

Instructions be given to the jury in the above-styled case.

Respectfully submitted this the 10th day of September, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB4152 W86T

Jerusha T. Adams
Assistant United States Attorney
E-mail: jerusha.adams@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR. NO.     2:06cr0092-MHT-CSC
)
CLARENCE BYRON CARTER, II )

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to: Richard Keith,

Esquire.

Respectfully submitted,

s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
131 Clayton Street
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB4152 W86T

Jerusha T. Adams
Assistant United States Attorney
E-mail: jerusha.adams@usdoj.gov

2

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 2.2

DUTY TO FOLLOW INSTRUCTIONS
PRESUMPTION OF INNOCENCE
<u>(WHEN ANY DEFENDANT DOES NOT TESTIFY)</u>

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 3

<u>DEFINITION OF REASONABLE DOUBT</u>

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 4.2

CONSIDERATION OF THE EVIDENCE, DIRECT AND CIRCUMSTANTIAL –
ARGUMENT OF COUNSEL AND COMMENTS BY THE COURT

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 5

<u>CREDIBILITY OF WITNESSES</u>

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 6.1

IMPEACHMENT - - INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

ANNOTATIONS AND COMMENTS

United States v. D'Antignac, 628 F.2d 428,435-36 n.10 (5th Cir. 1980), cert. denied, 450 U.S. 967, 101 S.Ct. 1485, 67 L.Ed.2d 617 (1981) approved instruction (used in conjunction with Basic Instruction 5 and Special Instruction 2.1 as befitted the facts of that case). See also United States v. McDonald, 620 F.2d 559, 565 (5th Cir. 1980), and United States v. Soloman, 856 F.2d 1572, 1578 (11th Cir. 1988), reh'g denied, 863 F.2d 890 (1988), cert. denied, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 7

EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

ANNOTATIONS AND COMMENTS

United States v. Johnson, 575 F.2d 1347, 1361 (5th Cir. 1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979) approved the Committee's former version of this instruction.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

Eleventh Circuit Pattern Jury Instructions, Criminal

Special Instruction No. 2.1

<u>CONFESSION - - STATEMENT</u>

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

<u>ANNOTATIONS AND COMMENTS</u>

Modified to delete "after being arrested or detained".

<u>United States v. Clemons</u>, 32 F.3d 1504, 1510 (11th Cir. 1994), <u>cert. denied</u>, 115 S.Ct. 1801, 131 L.Ed.2d 728 (1995) approved similar instruction.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 4

<u>SIMILAR ACTS EVIDENCE</u>
<u>(RULE 404(b), FRE)</u>

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine

[whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment]

or

[whether the Defendant acted according to a plan or in preparation for commission of a crime]

or

[whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake].

ANNOTATIONS AND COMMENTS

Rule 404. [FRE]  Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes

* * * * *

(b) Other crimes, wrongs, or acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it tends to introduce at trial.

United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc) cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. See note 15 at pages 911-912.  Beechum also approves a limiting instruction similar to this one.  See note 23 at pages 917-918.

Both the Supreme Court and the Eleventh Circuit have expressly endorsed the Beechum test. Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); United States v. Miller, 959 F.2d 1535 (11th Cir. 1992) (en banc), cert. denied, 506 U.S. 942, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

The defendant is charged in Count 1 of the Indictment with sexual exploitation of a minor in violation of Title 18, United States Code, Section 2251(a).

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:        That at the time of the offense, the victim was under the age of eighteen years;

Second:     That the Defendant knowingly [used] [employed] [persuaded] [induced] [enticed] and [coerced] the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction;

Third:       That such visual depiction was produced using material that had been transported in interstate or foreign commerce; and

Fourth:      Such visual depiction has actually been transported in interstate or foreign commerce.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disc or by electronic means which is capable of conversion into a visual image.

The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any

data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "sexually explicit conduct" means actual or simulated:

(a)     sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b)     bestiality;

(c)     masturbation;

(d)     sadistic or masochistic abuse; or

(e)     lascivious exhibition of the genitals or pubic area of any person.


Knowledge of the age of the victim (minor) is not an element of the offense. United States v. United States District Court, 858 F.2d 534 (9th Cir. 1988). United States v. X-Citement Video, Inc., 513 U.S. 64 76 n.5 (1994) ("[P]roducers may be convicted under §2251(a) without proof they had knowledge of age...") (dicta).


Ninth Circuit Criminal Pattern Instruction 8.150.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

Eleventh Circuit Pattern Jury Instructions, Criminal

Offense Instruction No. 75.2

<u>RECEIVING AND DISTRIBUTING MATERIAL
INVOLVING SEXUAL EXPLOITATION OF MINORS</u>

Title 18, United States Code, Section 2252(a)(2), makes it a Federal crime or offense for any person to knowingly [receive] [distribute] any visual depiction [that has been mailed][that has been shipped or transported in interstate or foreign commerce by any means][including by computer], if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:    That the Defendant knowingly [received][distributed] a visual depiction;

<u>Second</u>:    That such visual depiction [was mailed][was shipped or transported in interstate or foreign commerce by any means][including computer];

<u>Third</u>:    That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

<u>Fourth</u>:    That such visual depiction is of a minor engaged in sexually explicit conduct; and

<u>Fifth</u>:    That the Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

[The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disc or by electronic means which is capable of conversion into a visual image.]

The term "minor" means any person under the age of eighteen years.

15

The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

[The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical arithmetic, or storage functions and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter, or typesetter, a portable hand-held calculator, or other similar device.]

The term "sexually explicit conduct" means actual or simulated:

(a)     sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b)     bestiality;

(c)     masturbation;

(d)     sadistic or masochistic abuse; or

(e)     lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct-"lascivious exhibition"-not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibit, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider

16

whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition, you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

**Annotations and Comments**

18 USC §2252(a)(2) provides:

Any person who–

knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by an means including by computer, ... if–
(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
(B) such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section.

Maximum Penalty:    Fifteen (15) years and applicable fine when Defendant has prior conviction under this chapter or chapter 109A.

Ten (10) years and applicable fine when Defendant has no prior conviction under this chapter or chapter 109A.

Definition of the relevant terms is taken from 18 USC §2256.

*See United States v. X-citement Video, Inc.*, 513 U.S. 64, 75-77, 115 S.Ct. 464, 471-72, 130 L.Ed.2d 372 (1994).

The explanation of the term "lascivious exhibition" is derived from *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Ca. 1986), a decision that has been cited with approval by three circuits and many other district courts.

17

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

Eleventh Circuit Pattern Jury Instructions, Criminal

Offense Instruction No. 75.4

<u>POSSESSION OF CHILD PORNOGRAPHY</u>

Title 18, United States Code, makes it a Federal crime or offense for any person to knowingly possess any child pornography that has been [transported] [shipped] [mailed] in interstate or foreign commerce [including by computer].

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:     That the Defendant knowingly possessed an item or items of child pornography, as charged;

<u>Second</u>:     That such item[s] of child pornography had been [transported] [shipped][mailed] in interstate or foreign commerce [including by computer], as charged; and

<u>Third</u>:     That at the time of such possession the Defendant believed that such item[s] constituted or contained child pornography, as hereafter defined.

The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country.  The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.  It is not necessary for the Government to prove that the Defendant knew that the alleged child pornography  moved in interstate or foreign commerce, only that it had so moved.

[The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with

such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.]

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where [the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct][such visual depiction has been created, adapted, or modified to appear that a identifiable minor engaging in sexually explicit conduct].

The term "minor" means any person under the age of eighteen (18) years.

[The term "identifiable minor" means a person [who was a minor at the time the visual depiction was created, adapted, or modified][whose image as a minor was used in creating, adapting or modifying the visual depiction] and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; provided that the Government is not required to prove the actual identity of the identifiable minor.]

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disc or by electronic means which is capable of conversion into a visual image.

The term "sexually explicit conduct" means actual or simulated:

(a)    sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b)    bestiality;

(c)    masturbation;

(d)    sadistic or masochistic abuse; or

19

(e)     lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct-"lascivious exhibition"-not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed.  You may consider the overall content of the material.  You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point.  You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity.  In addition you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire.  You may also consider whether the minor is partially clothed or nude.  You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer.  Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

**Annotations and Comments**

18 USC §2252A(a)(2)(A) and (5)(B) provides:
(a) any person who–

(2) knowingly receives or distributes–

(A) any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or

* * * *

(5) either–

* * * *

(B) knowingly possess any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of chid pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, [shall be guilty of an offense against the United States].

Maximum Penalty:    Fifteen (15) year and applicable fine when Defendant has no prior conviction; not less that five (5) nor more than thirty (30) years and applicable fine when defendant has prior conviction.

Definition of the relevant terms is taken from 18 USC §2256. However, the key term "child pornography" is limited to the definitions given in 18 USC §2256(8)(A) and (C). Subsections (B) and (D) of that section were declared to be "overbroad and unconstitutional" in *Ashcroft v. The Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).

Note that 1998 amendment to §2252A added subsections (c) and (d) allowing certain affirmative defenses.

*United States v. X-citement Video, Inc.*, 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1992) held that 18 USC §2252(a)(1) and (2) requires proof of scienter as to the age of the performer. While the structure of §2252A(1) and (2) is different (using "child pornography" instead of "visual depiction involving the use of a minor"), §2252A(a)(1) and (2) also contains as an element scienter the age of the performer. *See United States v. Acheson*, 195 F.3d 645, 653 (11th Cir. 1999) (the government must show not only that the individual received or distributed the material, but that he did so believing that the material was sexually explicit in nature and that it depicted a person who appeared to him to be, or that he anticipated would be, under 18 years of age.)

The explanation of the term "lascivious exhibition" is derived from *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Ca. 1986), a decision that has been cited with approval by three circuits and many other district courts.

21

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

Eleventh Circuit Pattern Jury Instructions, Criminal

Special Instruction No. 6

<u>POSSESSION</u>

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

ANNOTATIONS AND COMMENTS

<u>United States v. Hastamorir</u>, 881 F.2d 1551 (11th Cir. 1989) approved this instruction.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 9.1

## ON OR ABOUT - - KNOWINGLY - - WILLFULLY

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

ANNOTATIONS AND COMMENTS

United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." See also United States v. Reed, 887 F.2d 1398 (11th Cir. 1989), reh'q denied, 891 F.2d 907 (1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

United States v. Diecidue, 603 F.2d 535, 548(5th Cir. 1979), cert. denied, 445 U.S. 946, 100 S.Ct. 1345,63 L.Ed.2d 781 (1980), and cert. denied, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980) approved these definitions of knowingly and willfully as sufficient instructions on issue of intent. See also United States v. Kerley, 643 F.2d 299 (5th Cir. 1981).

United States v. Kelly, 615 F.2d 378 (5th Cir. 1980) approved refusal to amplify "willfulness" instruction for the purpose of emphasizing specific intent, criminal motive or guilty mind.

United States v. Restrepo-Granda, 575 F.2d 524 (5th Cir. 1978), reh'g denied, 579 F.2d 644 (1978), cert. denied, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978), reh'g denied, 439 U.S. 1104,99 S.Ct. 885,59 L.Ed.2d 65(1979); United States v. Batencort, 592 F.2d 916 (5th Cir. 1979), instruction on "deliberate ignorance" as equivalent of knowledge may be given as a supplement to the standard charge in an appropriate case.  See Special Instruction 8.

United States v. Stone, 9 F.3d 934,937 (11th Cir. 1993), reh'g denied, 19 F.3d 1448 (11th Cir. 1994), cert. denied, 115 S.Ct. 111, 130 L.Ed.2d 58 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth.  United States v. Arias, 984 F.2d 1139 (11th Cir. 1993), cert. denied, 508 U.S. 979, 113 S.Ct. 2979, 125 L.Ed.2d 676 (1993), and cert. denied, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993) approved deliberate ignorance instruction when drug couriers avoided knowledge of content of their parcels.  See also United States v. Rivera, 944 F.2d 1563, 1570-72(11th Cir. 1991); Batencort, supra, and Special Instruction 8, infra.

United States v. Corral Martinez, 592 F.2d 263 (5th Cir. 1979), Model Penal Code definition of knowledge held not to be plain error when given as an instruction, i.e., "proof that Defendant was aware of the high probability that the substance he possessed was heroin [suffices to prove knowledge] unless he actually believes it was not heroin."

United States v. Benson, 592 F.2d 257 (5th Cir. 1979); United States v. Warren, 612 F.2d 887 (5th Cir. 1980), cert. denied, 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980) approved instruction in a tax evasion case and a currency reporting case, respectively, defining "willfulness" to mean the "voluntary and intentional violation of a known legal duty;" United States v. Pomponio, 429 U.S. 10,97 S.Ct. 22, 50 L.Ed.2d 12 (1976), reh'g denied, 429 U.S. 987,97 S.Ct. 510, 50 L.Ed.2d 600 (1976).  See Special Instruction 9, infra.

Other instructions are sometimes given concerning specific types of evidence as giving rise to an inference of guilty knowledge, and some such instructions have been approved (as indicated below), but the Committee recommends that, ordinarily, those subjects should be left to the argument of counsel and should not be addressed in the Court's charge. United States v. Stewart, 579 F.2d 356 (5th Cir. 1978), cert. denied, 439 U.S. 936, 99 S.Ct. 332,58 L.Ed.2d 332 (1978) approved instruction on flight and concealment as justifying inference of guilty knowledge.

United States v. Barresi, 601 F.2d 193 (5th Cir. 1979) approved instruction concerning proof of falsity of Defendant's explanation as evidence of guilty knowledge; see also United States v. Broadwell, 870 F.2d 594, 601 n.17 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85(1989).

United States v. Knight, 607 F.2d 1172 (5th Cir. 1979) approved instruction concerning inference which might be drawn from refusal of Defendant to obey order requiring submission of handwriting exemplar.

United States v. Gastell, 584 F.2d 87 (5th Cir. 1978), cert. denied, 440 U.S. 925, 99 S.Ct. 1256, 59 L.Ed.2d 480 (1979); United States v. Duckett, 583 F.2d 1309 (5th Cir. 1978) approved instruction concerning inference of guilty knowledge which might be drawn from possession of recently stolen property.

But, United States v. Chiantese, 560 F.2d 1244, 1255 (5th Cir. 1977) (en banc) disapproved instruction to the effect that, absent evidence to the contrary, a person is presumed to intend the natural and probable consequences of his or her acts.